# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL ANTHONY TATE, JR.,

          Plaintiff,

v.

JOSE RAMIREZ, PAUL MARTINEZ, PAUL VILJEVAC, and JOHN IVY,

          Defendants.

Case No. 19-CV-1520-JPS

**ORDER**

    Plaintiff, who is incarcerated in the Milwaukee County Jail, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $1.52. 28 U.S.C. § 1915(b)(4).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges Defendants, Milwaukee police officers, unlawfully searched his residence on May 18, 2018 in an effort to locate drugs and guns. (Docket #1 at 2–3). Plaintiff claims that Defendants violated the Fourth Amendment's prohibition on unreasonable searches and seizures, as well as the Fourteenth Amendment's guarantee of due process, by conducting the search in bad faith and via an investigation that "fell far short of a proper police inquiry." *Id.* at 3–4. Plaintiff seeks money damages in relief. *Id.* at 5.

Plaintiff's complaint fails to disclose that, according to publicly available Wisconsin court records, he is currently being prosecuted for possessing and distributing drugs and for being a felon in possession of a gun. *See State of Wisconsin v. Michael Anthony Tate, Jr.*, Milwaukee County Circuit Court Case No. 2018-CF-4475; *State of Wisconsin v. Michael Anthony Tate, Jr.*, Milwaukee County Circuit Court Case No. 2018-CF-2357; *available at*: https://wcca.wicourts.gov. It is not clear whether one or both of these

cases arose from the May 18, 2018 search. In any event, neither of the cases have concluded yet, either by a plea or trial. *Id.*

Preliminarily, the Court will reject Plaintiff's bid to proceed on a due process claim. When screening a prisoner complaint, the Court analyzes the allegations under the most "explicit source[s] of constitutional protection," *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (a claim should proceed under the constitutional provision under which is arises; the case "gains nothing by attracting additional constitutional labels."). The Due Process Clause generally involves procedural protections surrounding a deprivation of one's rights, and thus has little to do with Defendants' allegedly improper search. Instead, the Fourth Amendment is squarely implicated by Plaintiff's allegations. A due process claim is both inappropriate and superfluous.

But even the Fourth Amendment claim cannot proceed at this time, for two reasons. First, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts should abstain from hearing civil claims related to an ongoing state criminal prosecution. *Id.* at 53; *Tobey v. Chibucos*, 890 F.3d 634, 2018 WL 2210619, at *11 (7th Cir. 2018) ("Federal courts generally may not intervene in ongoing state criminal proceedings."). When a court applies *Younger* abstention to a civil action seeking monetary damages, it should stay rather than dismiss the case. *See Wilson v. Ill. Dep't of Fin. & Prof'l Regulation*, 871 F.3d 509, 513 (7th Cir. 2017).

Plaintiff's federal lawsuit would directly interfere with the state proceedings by calling into question the validity of the evidence in those cases. If Plaintiff believes there are infirmities in his state criminal cases that warrant dismissal of the cases, or the exclusion of certain evidence due to

violations of his constitutional rights, he must present those issues to the state court system. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Second, a stay is also called for under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that a plaintiff who has been convicted of a crime cannot maintain a Section 1983 claim for damages where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The *Heck* rule "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Though there has not yet been a conviction or sentence in Plaintiff's criminal cases, the best course of action is to stay this civil proceeding until the criminal cases are completed. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). When that occurs, this Court will be able to determine if *Heck* bars Plaintiff's claims. *Id.*

In light of the foregoing, the Court will allow Plaintiff to proceed on a claim of unreasonable search and seizure, in violation of the Fourth Amendment, against the Defendants based on the May 18, 2018 incident. This action will be stayed pending the conclusion of Plaintiff's state court criminal proceedings. Plaintiff is required to file status reports with the Court **every sixty (60) days** regarding the status of the criminal proceedings. He is further obliged to notify the Court within **twenty-one (21) days** of the conclusion of the criminal cases. At that time, the Court can lift the stay and determine whether *Heck* bars Plaintiff's claims. If the *Heck* rule does not apply at that time, the Court will order service upon Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.48 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case

filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED** in accordance with the terms of this Order;

**IT IS FURTHER ORDERED** that Plaintiff shall file status reports **every sixty (60) days** regarding the status of his state court criminal proceedings, and shall notify the Court within **twenty-one (21) days** of the conclusion of those proceedings; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge